



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 18, 2016**

*Mark X. Mullin*

**United States Bankruptcy Judge**

---

*UNITED STATES BANKRUPTCY COURT*
*FOR THE NORTHERN DISTRICT OF TEXAS*
*FORT WORTH DIVISION*

---

| | | |
|---|---|---|
| **In re** | ' | |
| | ' | |
| **NEW SPIRIT OF PRAYER MINISTRIES, INC.** | ' | **Case No. 13-42233-mxm-11** |
| | ' | |
| **Debtor** | ' | |
| | ' | |

---

### FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO
### FIRST AMENDED PLAN OF REORGANIZATION OF
### NEW SPIRIT OF PRAYER MINISTRIES, INC.

On March 8, 2016, the Court held a hearing to consider approval of the First Amended

Plan of Reorganization [Docket No. 125] (the "Plan") filed by New Spirit of Prayer Ministries, Inc.

(the "Debtor") and the chapter 11 Trustee for the Debtor, Shawn K. Brown ("Trustee"). Based

upon the evidence and argument presented at the hearing, the Court hereby makes these Findings of Fact and Conclusions of Law ('"Findings and Conclusions"), pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure ('"Bankruptcy Rules"). The Court finds and concludes as follows:

1.      This Court has jurisdiction to hear and determine the confirmation of the Plan pursuant to II U.S.C. § 157 and 1334. This matter is core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A) and (L).

2.      On May 7, 2013 (the "Petition Date") the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Debtor conducted its business as a debtor and debtor-in-possession until December 23, 2013, when the Court appointed Trustee. The principal place of business of the Debtor is in Texas, with its principal office in Fort Worth, Texas. Accordingly, venue in the Northern District of Texas is proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. § 1408. Pursuant to section 1121 of the Bankruptcy Code, the Debtor and Trustee, as co-proponents, were authorized to file the Plan.

3.      The Plan, reduced to basics, provides for the settlement of the claims of the Hazel Hodges Estate and the Ernest Hodges Estate (together, the "Hodges Estates") and the payment in full, in cash, of all Allowed Claims over periods of time, with interest and retained or granted liens, all as specified in the Plan.

4.      **Section 1129(a) (1) - Compliance of the Plan with Applicable   Provisions  of the Bankruptcy Code.**

The Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a) (1) of the Bankruptcy Code, including sections 1122, 1123 and 1125 of the Bankruptcy Code.

a. **Sections 1122 and 1123(a) (1)-(4) - Classification and Treatment of Claims and Interests.**

Pursuant to section 1122(a) and 1123(a) (1) of the Bankruptcy Code, Article III of the Plan designates Classes of Claims and Interests, other than Administrative Claims and Administrative Fees. As required by section 1122(a), each Class of Claims and Interests for the Debtor contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class for the Debtor. The Plan contains six (6) Classes of Claims and Interests, designated as Classes 1 through 6. Such classification is proper under section 1122(a) of the Bankruptcy Code because such Claims and Interests have differing rights among each other and against the Debtor's assets or differing interests in the Debtor. Pursuant to section 1123(a) (2) of the Bankruptcy Code, Article IV of the Plan specifies that Classes 3, 4, 5 and 6 of Claims and Interests are impaired under the Plan and further specifies the treatment of all Claims and Interests under the Plan. Pursuant to section 1123(a) (4) of the Bankruptcy Code, Article IV of the Plan also provides the same treatment for each Claim or Interest within a particular Class, unless the Holder of such Claim or Interest agrees to less favorable treatment of their Claim or Interest. The Plan therefore complies with sections 1122 and 1123(a) (1)-(4) of the Bankruptcy Code.

b. **Section 1123(a) (5) - Adequate Means for Implementation of the Plan.**

Article VI and various other provisions of the Plan provide adequate means for the Plan's implementation. Those provisions relate to, among other things: (i) the reorganization of the Debtor; (ii) the vesting of certain assets in the Reorganized Debtor; (iii) the management and direction of the Reorganized Debtor; (iv) the procedures for resolving disputed, contingent and unliquidated Claims against the Debtor and the distribution of Cash to Holders of Allowed Claims and Interests entitled to receive such distributions under the Plan.

c. **Section 1123(a) (7) - Selection of Directors and Officers in a Manner Consistent with the Interest of Creditors and Equity Security Holders and Public Policy.**

Article XIV and Section 14.07 of the Plan provides for the management, control and operation of the Reorganized Debtor. The directors and officers therein identified shall serve as directors and officers of the Reorganized Debtor after the Effective Date. Each director shall serve from and after the Effective Date in accordance with applicable non-bankruptcy law. The Plan is consistent with the interests of creditors, equity security holders and public policy and, therefore, complies with section 1123(a) (7) of the Bankruptcy Code.

d. **Section 1123(b) (1) and (2) - Impairment of Claims and Interests and Assumption, Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases.**

In accordance with section 1123(b)(1) of the Bankruptcy Code and Article III of the Plan, each Allowed Claim or Interest in Classes 2, 4, and 5 are impaired under the Plan pursuant to 11 U.S.C. §1124, and therefore Holders of those Allowed Claims and Interests must accept the Plan pursuant to II U.S.C. §1126(a). In accordance with 1123(b)(2) of the Bankruptcy Code, Article XII of the Plan provides for the rejection of executory contracts and unexpired leases of the Debtor that have not been previously assumed, assumed and assigned or rejected pursuant to section 365 of the Bankruptcy Code. The Plan therefore complies with sections 1123(b) (1) and (2) of the Bankruptcy Code.

e. **Section 1123(b) (6) - Other Provisions Not Inconsistent with Applicable Provisions of the Bankruptcy Code.**

The Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including, but not limited to: (i) the provisions of Articles VI and VIII of the Plan regarding the means for implementing the Plan; (ii) the provisions of Article XI of the Plan governing the assumption, assumption and assignment or rejection of executory contracts and unexpired leases; (iii) the provisions of Article IX and X of the Plan

governing distributions on account of Allowed Claims and Interests and Disputed Claims; (v) the provisions of Article XIV of the Plan regarding the exculpation and release with respect to the individuals therein identified; and (vi) the provisions of Article XIII of the Plan regarding retention of jurisdiction by the Court over certain matters after the Effective Date. The Plan is therefore in compliance with section 1123(b) (6) of the Bankruptcy Code.

f.  **Section 1125 - Solicitation in Good Faith.**

Pursuant to section 1125 of the Bankruptcy Code, the Plan was solicited in good faith and not by any means forbidden by law, and no unauthorized solicitations were made.

5.  **Section 1129(a) (2) - Compliance with Applicable Provisions of the Bankruptcy Code.**

The Debtor and Trustee, as the co-proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a) (2) of the Bankruptcy Code, including, but not limited to, section 1125(e) of the Bankruptcy Code and Bankruptcy Rules 3016 and 3017. The Plan therefore complies with section 1129(a) (2) of the Bankruptcy Code.

6.  **Section 1129{a) (3) - Proposal of the Plan in Good Faith.**

The Debtor has proposed the Plan in good faith and not by means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate purpose of reorganizing the Debtor's Estate while maximizing the returns available to creditors of the Debtor.

7.      **Section 1129(a) (4) - Bankruptcy Court Approval of Certain Payments as Reasonable.**

Article II of the Plan provides that Professional Persons shall file applications for final allowance of Fee Claims not later than twenty (20) days after the date of entry of the Order confirming the Plan.   The Court will review the reasonableness of such applications under section 328 and 330 of the Bankruptcy Code and any applicable case law. Upon the Effective Date, any requirement that Professional Persons comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date will terminate. In light of the foregoing, the Plan complies with section 1129(a) (4) of the Bankruptcy Code.

8.      **Section 1129(a) (5) - Disclosure of Identity of Proposed Management**

Article XIV and Section 14.07 of the Plan provide that on and after the Effective Date, the Reorganized Debtor will be managed, controlled and operated by the board of directors and officers therein identified. The Plan therefore complies with Section 1129(a) (5) of the Bankruptcy Code.

9.      **Section 1129(a) (6) - Approval of Rate Changes.**

The Plan does not provide for any rate change regarding rates governed by any regulatory commission with jurisdiction that has or will have jurisdiction. Therefore, the provisions of section 1129(a) (6) do not apply to the Plan.

10.      **Section 1129(a) (7) - Best Interests of Holders of Claims and Interests.**

Each Allowed Claim in Class 1 is unimpaired under the Plan pursuant to 11 U.S.C. § 1124. Each Holder of a Class 1 Allowed Claim will be paid in full; therefore, holders of those Allowed Class 1 Claims are deemed to have accepted the Plan pursuant to II U.S.C. § 1126(1). All other classes of Claims are impaired and will receive or retain under the Plan on account of their claims, property of a value, as of the Effective Date of the Plan, property of a value that is

not less than the holder of such claims would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

11.    **Section 1129(a) (8) - Acceptance of the Plan.**

Each Allowed Claim in Classes 1 and 3 are unimpaired under the Plan pursuant to 11 U.S.C. § 1124, and therefore Holders of those Allowed Claims are deemed to have accepted the Plan pursuant to 11 U.S.C. § 1126(f). Holders of impaired claims in Class 4 have voted to accept the Plan.  Holders of impaired claims in Class 2 and 5 are deemed to have accepted the Plan under section 1129(b) of the Bankruptcy Code. The Plan therefore complies with section 1129(a) (8) of the Bankruptcy Code.

12.    **Section 1129(a) (9) - Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

a.    Article IV of the Plan provides for treatment of Administrative Claims and Priority Tax Claims, subject to certain bar date provisions consistent with Bankruptcy Rules 3002 and 3003, in the manner required by section 1129(a)(9) of the Bankruptcy Code.

b.    Holders of Allowed Administrative Claim and Priority Tax Claims will receive on account of such Allowed Claim and in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Claim, (i) Cash equal to the unpaid portion of such Allowed Claim; (ii) regular installment payments made in accordance with the provisions of section 1129(a)(9)(C); or (ii) such other treatment to which the Debtor and the Holder of such Allowed Claim have agreed upon in writing.

c.    In light of the foregoing, the Plan complies with section 1129(a) (9) of the Bankruptcy Code.

13. **Section 1129(a) (10) - Acceptance by at Least One Impaired Non Insider Class.**

The Plan has been accepted by at least one Impaired Non Insider Class of Claims. Therefore, the Debtor, as proponent of the Plan, has complied with section 1129(a) (10) of the Bankruptcy Code.

14. **Section 1129(a) (11) - Feasibility of the Plan.**

The evidence establishes that the Plan is feasible and that the Plan is not likely to be followed by any liquidation or the need for further financial reorganization of the Debtor, its Estate or the Reorganized Debtor. The Plan therefore complies with section 1129(a) (11) of the Bankruptcy Code.

15. **Section 1129(a) (12) - Payment of Bankruptcy Fees.**

Article XIV, Section 14.01 of the Plan provides that all fees due and payable pursuant to 28 U.S.C. § 1930(a) (6) shall be paid in full on the effective date of the Plan. The Plan therefore complies with Section 1129(a) (12) of the Bankruptcy Code.

16. **Section 1129(a) (13) - Retiree Benefits.**

The Debtor is not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code), and thus the Plan is in compliance with section 1129(a) (13) of the Bankruptcy Code.

17. **Section 1129(b) - The Plan is Fair and Equitable.**

Because each Allowed Claim in Class I is unimpaired and are deemed to have accepted the Plan, impaired claims Classes 2, 3, and 4 have voted to Accept the Plan and Interests in Class 5 are cancelled under the Plan and will receive nothing with respect to such Interests, the Plan is found to be fair and equitable in accordance with section 1129(b) of the Bankruptcy Code.

18. **Section 1129(d) - Purpose of the Plan.**

The primary purpose of the Plan is neither avoidance of taxes nor avoidance of the requirements of Section 5 of the Securities Act, and there has been no objection filed by any governmental unit asserting such avoidance. The Plan therefore complies with section 1129(d) of the Bankruptcy Code.

19. **Settlement of Claims of Hodges Estates under Bankruptcy Rule 9019**

Section 4.04 of the Plan provides for the settlement and payment of the claims of the Hodges Estates against the Debtor under the authority of Bankruptcy Rule 9019. The Court finds that the terms of the Debtor's settlement with the Hodges States are fair and equitable under the standards set forth in *In re Matter of AWECO, Inc., 725 F.2d 293* (5th Cir. 1984) and *In re Jackson Brewing Company 674 F.2d 605* (5th Cir. 1980) and that such settlement should be approved as part of the confirmation of the Plan.

The Court has expressly authorized the submission of these Findings and Conclusions by Counsel for the Debtor, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement the Confirmation Order. If there is any inconsistency between these Findings of Fact and Conclusions of Law and the Confirmation Order, the Confirmation Order shall control.

### ### END OF FINDINGS AND CONCLUSIONS ###

Submitted and prepared by:

**John E. Leslie, SBN (Texas) 12231400**
**JOHN LESLIE | PLLC**
**1805 West Park Row Drive, Suite C**
**Arlington, Texas 76013**
**(817) 505-1291 phone**
**(817) 505-1292 fax**
**arlingtonlaw@aol.com email**

**ATTORNEY FOR DEBTOR**